MATTER OF PETERSON

In VISA PETITION Proceedings

A-8952166

*Decided by Regional Commissioner December 19, 1963*

Beneficiary, who is employed on a cattle ranch engaged in raising purebred herefords for sale and show purposes, and who is responsible for the feeding of young calves up to the age of about 15 months and of the bulls kept on range for breeding purposes, who assists in the vaccination and immunization of the stock, treats minor ailments, measures and mixes the feed grains according to prepared formulas, grooms and cares for animals being prepared for exhibition purposes, assists with haying and in the irrigation and cultivation of the farm land is ineligible for first preference classification under section 203(a)(1), Immigration and Nationality Act, as amended, since the duties performed are duties ordinarily performed by a good ranch hand or herdsman and do not require the high education, technical training, specialized experience or exceptional ability contemplated by the statute.

This case comes before the Regional Commissioner on appeal from the decision of the District Director, San Francisco, who denied the petition on the grounds that the duties of the position for which petitioned do not require the high education, technical training, specialized experience or exceptional ability to the degree contemplated by the statute for first preference classification.

Petitioner is owner and manager of the cattle ranch "Ruby Mountain Herefords" near Elko, Nevada. This ranching business was established in 1930. Petitioner has approximately 2,000 head of cattle ranging on 15,000 acres of fee-simple land and employs from eight to seventeen persons. The ranch is valued at about $100,000 with an annual income of $75,000 to $90,000. Purebred herefords are raised for sale and show purposes.

Beneficiary is a 56-year-old married male, a native and citizen of Spain who was admitted into the United States as a crewman at Philadelphia, Pennsylvania, on May 15, 1953, for a period not to exceed 29 days. He deserted his ship, went west and has been employed by the petitioner in Nevada since June of 1953. Following his apprehension, he was served with an order to show cause and at a hearing

663

accorded by a Special Inquiry Officer on March 26, 1956, was found to be deportable and granted voluntary departure with an alternate order of deportation. Various private bills introduced periodically in his behalf since 1953 have failed of passage. On April 10, 1963, the visa petition for first preference classification was filed in his behalf.

The petitioner states that beneficiary is responsible for the feeding of the young calves up to the age of about fifteen months, that beneficiary assists in the vaccination and immunization of the stock and treats minor ailment. He measures and mixes the feeed grains according to prepared formulas and grooms and cares for the animals that are being prepared for exhibition purposes. He is also responsible for the feeding of bulls that are kept on the range for breeding purposes. During the Spring and Summer months, he assists in the irrigation and cultivation of the farm land and assists with the haying.

The clearance order issued by the Bureau of Employment Security titles the position to be filled as "cattle breeder" and describes the duties as "Takes care of the health, welfare, feeding, halter breaking and exhibition of from 40 to 50 head of registered hereford cattle both while at the home ranch and while on the road exhibiting. Compounds feed formulas as directed. Observes daily health of stock by frequent inspection. Tests cattle and inoculates or treats with salves when necessary." The clearance order further shows that a minimum of five years' experience in the care and exhibition of purebred beef cattle is required and that the position requires a man who is gentle and tolerant with stock.

The Dictionary of Occupational Titles, Volume I, defines a "cattle breeder" as one who "Breeds and raises purebred beef or dairy cattle for sale to Dairymen II, Cattle Ranchers; and other growers. Keeps pedigree records. Grooms cattle and exhibits them at fairs, conventions, and other gatherings."

Petitioner is in reality the "cattle breeder." While it is true the beneficiary grooms the cattle, he is not the exhibitor. The petitioner, Ruby Mountain Herefords, is the exhibitor. The petitioner breeds and raises the purebred stock and keeps the pedigree records. The petitioner, himself, and others who have presented letters attesting to the beneficiary's ability to perform the tasks of the position refer to the beneficiary as "herdsman" which is a more descriptive title of his duties.

We agree with counsel that beneficiary is qualified to perform the duties as set forth by the petitioner and that petitioner needs the services of an employee to perform these duties. However, we must agree with the District Director that the tasks performed do not require the high education, technical training, specialized experience or special ability as contemplated by the statute for first preference classification.

Counsel has argued that if the "requirements are met in any degree, the petition should be granted." We do not agree. The tasks to be performed must be of a degree of complexity or difficulty that only a person with a high education, technical training, exceptional ability or specialized experience could, because of these qualifications, proficiently perform the duties. The duties performed by the beneficiary are duties ordinarily performed by good ranch hands or herdsmen and do not meet first preference standards. The appeal must be dismissed and the decision of the District Director to deny the application be affirmed.

**ORDER:** It is ordered that the appeal be dismissed and the decision of the District Director to deny the application be affirmed.